```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

BRANDEN HOLLAND,

       Plaintiff,

v.                               Case No: 2:23-cv-399-JES-NPM

JOSEPH MUNDELLA,

       Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Joseph Mundella's Motion to Dismiss (Doc. #69). Plaintiff Branden Holland filed a paper titled "Default Judgment" (Doc. #70), which appears to be a response to Mundella's Motion.

### I.  Background

Holland is a former prisoner of the Florida Department of Corrections ("FDOC"). Holland alleges that on April 8 or 9, 2020, officers found a piece of scrap metal in his cell and reported it to Mundella, the dormitory sergeant. Mundella ordered Holland and his cellmate confined in two separate showers. Mundella approached Holland and asked, "Are you going to confess to the metal we found in your cell?" (Doc. #28 at 3). Holland refused to answer. Mundella called Holland "a piece of trash," aimed a chemical bottle containing bleach at Holland's face, and sprayed multiple bursts into Holland's eyes. (Id.).

Holland sues Mundella in his individual and official capacities for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. Holland seeks $500,000 in compensatory damages and $300,000 in punitive damages. Mundella seeks dismissal.

## II. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. See Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting

to a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555.

Holland files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1059 (11th Cir. 2001).

### III. Analysis

Mundella argues Holland fails to state a plausible claim and raises Eleventh Amendment immunity and qualified immunity. He also contends that punitive damages are barred.

### A. Pleading Sufficiency

The core judicial inquiry in an excessive-force claim is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Sconiers v. Lockhart, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)). A prisoner asserting an excessive-force claim must establish two elements:

"the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" Id. (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). A claim satisfies the subjective element if the force was "sadistically and maliciously applied for the very purpose of causing harm." Id. The objective component "focuses on whether the official's actions were harmful enough or sufficiently serious to violate the constitution." Id. (cleaned up).

Holland alleges Mundella sprayed him in the face with bleach after Holland refused to take responsibility for a piece of scrap metal found in Holland's cell. Holland was restrained in a shower at the time and was not a security threat. These allegations allow an inference that Mundella sprayed him with chemicals merely to cause harm. Holland has sufficiently pled the subjective element.

The Eleventh Circuit has recognized that "where chemical agents are used unnecessarily, without penological justification, or for the very purpose of punishment or harm, that use satisfies the Eighth Amendment's objective harm requirement." Thomas v. Bryant, 614 F.3d 1288, 1311 (11th Cir. 2010). Here, the allegations that satisfy the subjective component of excessive force also satisfy the objective component. Holland plausibly

pleads he was sprayed with bleach as a punishment and not for any penological reason. Holland's excessive-force claim survives 12(b)(6) review.

### B. Eleventh Amendment Immunity

Holland sues Mundella in his individual and official capacities. The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent an abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court. Edelman v. Jordan, 415 U.S. 651, 662 (1974).

"When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individuals are nominal defendants." Id. at 663. "Thus, the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." Id. In other words, the bar protects state officials sued in their

official capacities but not in their individual capacities. Melton v. Abston, 841 F.3d 1207, 1234-35 (11th Cir. 2016).

Congress has not abrogated Florida's Eleventh Amendment immunity, nor has Florida waived it. Thus, Holland cannot sue Mundella in his official capacity.

### C. Qualified Immunity

"Qualified immunity protects government officials from individual liability unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." Snorton v. Owens, 808 F. App'x 814, 820 (11th Cir. 2020). An official invoking qualified immunity must first show he was acting within the scope of his discretionary authority. The burden then shifts to the plaintiff to show: (1) the official violated a federal statutory or constitutional right; and (2) the unlawfulness of the official's conduct was clearly established at the time of the alleged violation. Id. at 820-21.

There is no doubt Mundella was acting within the scope of his discretionary authority when Holland's claim arose. Mundella argues he is entitled to qualified immunity because Holland fails to state a plausible claim that Mundella violated a constitutional right. But as the Court explains above, Holland has stated an excessive-force claim under the Eighth Amendment. And controlling precedent clearly establishes the illegality of Mundella's alleged

conduct. The Eleventh Circuit has recognized that the use of chemical agents on inmates can violate the Eighth Amendment when the inmate is not presenting a threat of immediate harm to himself or others. Thomas, 614 F.3d at 1306-07. Based on the allegations in Holland's Second Amended Complaint, Mundella is not entitled to qualified immunity.

### D. Punitive Damages

Mundella argues the Prison Litigation Reform Act—specifically 18 U.S.C. § 3626(a)(1)(A)—bars punitive damages. But the Eleventh Circuit has consistently held that the PLRA allows for punitive damages to punish defendants for willful or malicious conduct. See Hoever v. Marks, 993 F.3d 1353 (11th Cir. 2021). The Court will not dismiss Holland's request for punitive damages.

### E. Holland's Construed Response

Finally, the document Holland filed in response to Mundella's Motion to Dismiss is titled, "Default Judgment." (Doc. #70). In it, Holland does not make a case for default judgment. Rather, he addresses Mundella's arguments. But to the extent Holland's filing could be construed as a motion for default judgment, it is denied because Mundell is not in default. See Fed. R. Civ. P. 55.

Accordingly, it is hereby

**ORDERED:**

(1) Defendant Joseph Mundella's Motion to Dismiss (Doc. #69) is **GRANTED in part and DENIED in part**. Holland's official capacity claim is **DISMISSED with prejudice**. Mundella must file an answer in his individual capacity within **14 days** of this Opinion and Order.

(2) Plaintiff Branden Holland's "Default Judgment" (Doc. #70) is **DENIED** to the extent it seeks affirmative relief.

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of February 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record