UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDEN HOLLAND,

       Plaintiff,

v.                                    Case No:  2:23-cv-399-JES-NPM

JOSEPH MUNDELLA,

       Defendant.

_____

**OPINION AND ORDER**

Before the court is Defendant Joseph Mundella's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 (Doc. #123).

Plaintiff Branden Holland filed this civil-rights action as a prisoner in the Florida Department of Corrections, alleging corrections officer Joseph Mundella used excessive force. Specifically, Holland claims Mundella sprayed chemicals in his eyes without cause on April 9, 2020.

The discovery period of this case has been fraught due to Holland's refusal to participate in good faith.  On March 31, 2025, United States Magistrate Judge Nicholas Mizell denied Holland's first three discovery-related motions and instructed him to confer with defense counsel before seeking the Court's intervention, as required by Local Rule 3.01(g) and Federal Rule of Civil Procedure 37(a)(1).  (Doc. #87).  Holland ignored the

conferral requirement and continued to pepper the Court with motions, most of which were incoherent, frivolous, or both.

On August 25, 2025, Judge Mizell partially granted Mundella's motion to compel answers to interrogatories. Judge Mizell ordered Holland to "make a reasonable, good-faith effort to fashion complete and forthright answers to the interrogatories" and warned Holland he would otherwise be subject to sanctions under Rule 37. (Doc. #101). Holland then provided two unclear and nonresponsive answers to an interrogatory requesting the identities of witnesses to the events underlying this action.

In his deposition, Holland refused to answer any questions about the circumstances surrounding the alleged use of force. Mundella moved for sanctions and requested leave to depose Holland a second time solely to discuss the day of the incident. The Court granted leave for the second deposition and warned Holland that if he refused "to answer questions about the circumstances surrounding the use of force and the identities of any witnesses, the Court will impose sanctions, which could include dismissal of his claim." (Doc. #122 at 3).

Mundella's counsel deposed Holland a second time on November 7, 2025, and the Court has reviewed the transcript (Doc. #127-1). Holland's participation wavered between responsive and argumentative. About an hour in, counsel requested a five-minute break due to Holland's difficulty and refusal to answer questions.

Holland refused to continue the deposition after the break.  An official at the jail confirmed that Holland had gone back to his cell, and that he refused to return to the deposition room.

The Court finds that Holland has not participated in written discovery or his depositions in good faith, despite the Court's orders to do so.  As a result, Mundella has not had an opportunity to learn basic facts about Holland's claim against him.  Sanctions are warranted under Federal Rule of Civil Procedure 37(b)(2).  Holland's continued recalcitrance severely undermines Mundella's ability to defend against Holland's claim and the Court's ability to ensure a just adjudication.  Dismissal with prejudice is the least severe appropriate sanction given the repeated conduct of the plaintiff.

Accordingly, it is

**ORDERED**:

Joseph Mundella's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 (Doc. #123) is **GRANTED**.  This action is **DISMISSED with prejudice**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___9th___ day of January 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

- 3 -

SA: FTMP-1

Copies:
Counsel of Record

- 4 -